IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AARON C. LEWIS,
        Petitioner,

v.                                                               Criminal Action No. 3:03cr17
                                                                    Civil Action No. 3:06cv47
                                                                    (Judge Bailey)

UNITED STATES OF AMERICA,
        Respondents.

## Report and Recommendation

### I. Introduction

On May 28, 2009, Aaron C. Lewis ("petitioner") filed a Motion to Set Aside Judgment[1] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner was found guilty of eleven (11) counts of distribution of an illegal narcotic and one (1) count of conspiracy in this criminal action on November 7, 2003, and was sentenced to 275 months imprisonment to run consecutive to his state sentence.

Petitioner then filed a Motion to Vacate[2] under 28 U.S.C. § 2255 on May 11, 2006. This motion was denied on May 23, 2008, on the merits. This matter is now before the undersigned for review and report and recommendation.

---

[1] Dkt. No. 161

[2] Dkt. No. 137

## II. Analysis

### A. Contentions

Petitioner contends (1) his new counsel was ineffective by not filing his § 2255 motion, deciding not to respond to the Government's response to his § 2255 motion and for not filing his Ineffective Assistance of Counsel Motion as promised, (2) his trial counsel was ineffective because of statements made in front of the jury, and (3) the Government did not comply with the Bill of Particulars as ordered by the Judge.

### B. Discussion

Rule 60(b) of the Federal Rule of Civil Procedure states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pr. 60(b). In a Fourth Circuit decision, Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993), the Court stated:

> before a party may seek relief under rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werener v. Cabo, 731 F.2d 204, 207 (4th Cir. 1984). After a party has crossed the initial threshold, he must then satisfy one of the six specific sections of rule 60(b). Id.

Vickers v. Pendelton County Bd. of Educ., 2007 WL 2455466 *1, (N.D.W.Va. 2007).

"A Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application." Sanders v. U.S., 2006 WL 1432347 (D.S.C. 2006) quoting United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held that Rule

2

60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995). In Winestock, the Fourth Circuit further mandated that district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60(b) from "'successive applications in 60(b)'s clothing.'" Id. at 207 quoting Lazo v. United States, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

Petitioner's claim that the Government failed to follow the Bill of Particulars was raised in his first § 2255 petition[3]. Petitioner's claim in his § 2255 was denied on the merits and,

---

[3] Dkt. No. 148

therefore, this claim must be dismissed as successive.

Petitioner's claim of ineffective assistance of counsel against his trial counsel also amounts to nothing more than an attack on his conviction. Petitioner contends that his counsel said something to the effect of "the Government is making him out to be a bigger drug dealer than he is" in front of the jury, thereby prejudicing the jury against him. Petitioner has failed to prove that the jury would not have convicted him without these statements being uttered, therefore, failing to show prejudice. In Sanders, petitioner questioned the credibility of the arresting officer who was later arrested for embezzlement. Sanders at 2. The Court stated:

> Based on the evidence the petitioner faced when he pled guilty, no reasonable probability exists that the petitioner would not have pled guilty in favor of a jury trial, had he learned of the impeachment evidence against the arresting officer and confidential informant.

Id. In the case at hand, petitioner was found guilty of twelve counts by a jury. His argument that the verdict would have been different if not for his trial counsel is no more than an attack on his conviction and, therefore, this claim must be dismissed as successive.

Petitioner's claim of ineffective assistance of counsel of his new counsel is not attacking his conviction, rather it attacks an alleged defect in a review process. Petitioner alleges ineffective assistance of counsel because of failure to respond to Government's response to his § 2255 motion and counsel's failure to file Ineffective Assistance of Counsel claims as he had promised. "[T]he United States Court of Appeals for the Fourth Circuit has expressly held that "a lawyer's ignorance or carelessness do [ sic ] not present cognizable grounds for relief under rule 60(b)." Vickers at *1 quoting In re Virginia Information Systems Corp. v. Wang Laboratories, Inc., 932 F.2d 338, 342 (4th Cir. 1991). This is clearly not an exceptional

4

circumstance, and is no more than a lawyer not filing an action petitioner believed should be filed or not following through on a promise. These actions amount to nothing more than 'ignorance' or 'carelessness' on the behalf of the attorney. Accordingly, this claim must be dismissed for failure to state a claim.

## IV. Recommendation

The undersigned recommends that petitioner's Motion under Fed. R. Civ. Pr. 60(b) be **DENIED**.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Judge John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). The Clerk is directed to mail a copy of this Report and Recommendation to the defendant and counsel of record, as applicable.

DATED: July 2, 2009

       /s/ James E. Seibert
    JAMES E. SEIBERT
    UNITED STATES MAGISTRATE JUDGE