**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**
                                         **Crim. Action No. 3:03CR17
                                                   (BAILEY)**

**AARON C. LEWIS,**

    **Defendant.**

## ORDER DENYING MOTION FOR NEW TRIAL

<u>I.</u>    <u>Introduction</u>

On this day, the above-styled matter came before the Court for consideration of the defendant's Motion for New Trial Under Rule 33 of the Federal Rules of Criminal Procedure Based on Newly Discovered Evidence **[Doc. 178]**. For the reasons stated below, the motion is **DENIED**.

<u>II.</u>    <u>Factual and Procedural History</u>

On August 13, 2003, a jury found the petitioner guilty of one count of conspiracy to distribute 50 grams or more of cocaine base (Count 1), ten counts of distribution of cocaine base (Counts 2-11), and one count of aiding and abetting the distribution of cocaine base (Count 12). As a result, the Court sentenced petitioner to a 275-month term of incarceration. Thereafter, petitioner unsuccessfully appealed to the Untied States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence by

1

unpublished opinion on July 6, 2004. See Crim. Doc. 129.

On May 11, 2006, the plaintiff filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [Doc. 137]. Upon consideration, the Magistrate Judge found petitioner's claims to be without merit and recommended that the petition be dismissed. See Docs. 146 and 148. On May 23, 2008, this Court overruled the petitioner's objections thereto [Doc. 151] and adopted the R&R. See Doc. 153. Recently filed his Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 161], which this Court denied. The defendant most recently files this motion for new trial.

III. Applicable Law

Rule 33 of the Federal Rules of Criminal Procedure states, in relevant part:

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

(b) Time to File.

(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.

Additionally, "[t]he time limits provided in Rule 33 are jurisdictional." ***United States v. Swinson***, 243 Fed.Appx. 760, (4th Cir. 2007). "Therefore, after the expiration of the time limit specified in the rule, the district court has no jurisdiction." ***United States v. Erwin***, 277 F.3d 727 (5th Cir. 2001)(holding that the defendant's motion for new trial was time-barred).

IV.     Discussion

As previously noted, the defendant was found guilty on all counts on August 13, 2003. The instant motion was not filed until August 10, 2009. Accordingly, as this motion was not filed within three years, the same should be denied as untimely.

V.      Conclusion

For the foregoing reasons, the defendant's Motion for New Trial Under Rule 33 of the Federal Rules of Criminal Procedure Based on Newly Discovered Evidence **[Doc. 178]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* defendant.

**DATED**: August 26, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE