**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**AARON C. LEWIS,**

    **Petitioner,**

v.                                    **Civil Action No.   3:06CV47
Crim. Action No.  3:03CR17
(BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of Magistrate Judge James E. Seibert. By Order dated June 3, 2009, this matter was referred Magistrate Judge Seibert for a proposed report and recommended disposition. See Crim. Doc. 163; Civ. Doc. 11. On July 2, Magistrate Judge Seibert filed his R&R [Crim. Doc. 167; Civ. Doc. 12] regarding the petitioner's Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Crim. Doc. 161; Civ. Doc. 10]. The petitioner timely filed his corresponding Objections [Crim. Doc. 171] on July 16, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and

1

recommendation permits the district court to review under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. See **Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the Magistrate Judge's **Report and Recommendation [Crim. Doc. 167; Civ. Doc. 12]** should be, and is, **ORDERED ADOPTED**.

II. Factual and Procedural History

On August 13, 2003, a jury found the petitioner guilty of one count of conspiracy to distribute 50 grams or more of cocaine base (Count 1), ten counts of distribution of cocaine base (Counts 2-11), and one count of aiding and abetting the distribution of cocaine base (Count 12). As a result, the Court sentenced petitioner to a 275-month term of incarceration. Thereafter, petitioner unsuccessfully appealed to the Untied States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence by unpublished opinion on July 6, 2004. See Crim. Doc. 129.

On May 11, 2006, the plaintiff filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 137; Civ. Doc. 1]. Upon consideration, the Magistrate Judge found petitioner's claims to be without merit and recommended that the petition be dismissed. See Crim. Docs. 146 and 148. On May 23, 2008, this Court overruled the petitioner's objections thereto [Crim. Doc. 151] and adopted the R&R. See Crim. Doc. 153. Petitioner now files his Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal

Rules of Civil Procedure [Crim. Doc. 161; Civ. Doc. 10].

In the instant motion, the petitioner contends (1) his new counsel was ineffective by not filing his § 2255 motion, deciding not to respond to the Government's response to his § 2255 motion and for not filing his Ineffective Assistance of Counsel Motion as promised; (2) his trial counsel was ineffective because of statements made before the jury; and (3) the Government did not comply with the Bill of Particulars as Ordered by the Judge.

### III. Applicable Law

Rule 60(b) of the Federal Rule of Civil Procedure states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pr. 60(b).

In a Fourth Circuit decision, *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993), the Court stated:

> before a party may seek relief under rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing

party, and exceptional circumstances." ***Werener v. Cabo***, 731 F.2d 204, 207 (4th Cir. 1984). After a party has crossed the initial threshold, he must then satisfy one of the six specific sections of rule 60(b). ***Id***.

***Vickers v. Pendelton County Bd. of Educ.***, 2007 WL 2455466 *1, (N.D.W.Va. 2007).

"A Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application." ***Sanders v. United States***, 2006 WL 1432347 (D.S.C. 2006); quoting ***United States v. Winestock***, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held that "Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." ***Hunt v. Nuth***, 57 F.3d 1327, 1339 (4th Cir. 1995). In ***Winestock***, the Fourth Circuit further mandated that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" ***Id***. at 206; quoting ***Calderon v. Thompson***, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief).

The ***Winestock*** court also described the method that courts should use to distinguish

proper motions under Rule 60(b) from "'successive applications in 60(b)'s clothing.'" ***Id***. at

4

207; quoting ***Lazo v. United States***, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam). The Court stated:

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

***Id***.

IV.     Discussion

    **A. Magistrate Judge's Findings**

In his R&R, the magistrate judge found that the petitioner's claim that the Government failed to follow the Bill of Particulars was previously raised in his first § 2255 petition. See Crim. Doc. 148. Additionally, the magistrate judge found the petitioner's claim of ineffective assistance of counsel of his new counsel is not attacking his conviction, rather it attacks an alleged defect in a review process; therefore, that claim must be dismissed for failure to state a claim.

    **B. Petitioner's Objections**

In his Objections, the petitioner argues that the Magistrate Judge did not address issues 1 and 3 contained in his Rule 60(b) motion. Then, the petitioner simply reiterates his arguments in support of those issues. This Court has read the Magistrate Judge's

R&R, and it is clear that Petitioner's issues 1 and 3 are adequately addressed.

In specifically addressing the petitioner's issue 1, in which the petitioner argues ineffective assistance of counsel as to his new counsel, the magistrate judge found that:

> Petitioner's claim of ineffective assistance of counsel of his new counsel is not attacking his conviction, rather it attacks an alleged defect in a review process. Petitioner alleges ineffective assistance of counsel because of failure to respond to Government's response to his § 2255 motion and counsel's failure to file Ineffective Assistance of Counsel claims as he had promised. "[T]he United States Court of Appeals for the Fourth Circuit has expressly held that "a lawyer's ignorance or carelessness do [ sic ] not present cognizable grounds for relief under rule 60(b)." ***Vickers*** at *1; quoting ***In re Virginia Information Systems Corp. v. Wang Laboratories, Inc.***, 932 F.2d 338, 342 (4th Cir. 1991). This is clearly not an exceptional circumstance, and is no more than a lawyer not filing an action petitioner believed should be filed or not following through on a promise. These actions amount to nothing more than 'ignorance' or 'carelessness' on the behalf of the attorney. Accordingly, this claim must be dismissed for failure to state a claim.

This Court finds that the above more than adequately addresses the petitioner's claim of ineffective assistance of counsel. Furthermore, this Court has reviewed the record and agrees with the magistrate judge's analysis and conclusion. Accordingly, to the extent that the petitioner's first issue was in fact addressed in the R&R, the Objection is

**OVERRULED**.

The second portion of the petitioner's Objection is that his third issue was not addressed. Again, the R&R clearly addresses the issue, in which the petitioner argues the Government did not comply with the Bill of Particulars as ordered by the Judge. Specifically, the magistrate judge stated in his R&R that the "[p]etitioner's claim that the Government failed to follow the Bill of Particulars was previously raised in his first § 2255 petition. Petitioner's claim in his § 2255 was denied on the merits and, therefore, this claim must be dismissed as successive."

This Court finds that the magistrate judge's finding is an accurate statement of law applicable to the petitioner's third issue. Simply put, "[a] Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application." **Sanders v. United States**, 2006 WL 1432347 (D.S.C. 2006); quoting **United States v. Winestock**, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." **Hunt v. Nuth**, 57 F.3d 1327, 1339 (4th Cir. 1995). In **Winestock**, the Fourth Circuit further mandated that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" **Id**. at 206; quoting **Calderon v. Thompson**, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than

7

"successive application" for post-conviction relief).

This Court finds that this issue was previously denied on the merits in the petitioner's § 2255 petition [Doc. 148]. Accordingly, as the magistrate judge correctly points out in his R&R, this claim must be dismissed as successive. In fact, Courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application. Simply because the magistrate judge did not revisit the merits of the petitioner's third argument does not amount to his not having addressed the issue. As such, this Court finds that the issue has been adequately addressed, and the Objection must be **OVERRULED**.

V. Conclusion

For the foregoing reasons, and those more fully contained in the Magistrate Judge's Report and Recommendation [Crim. Doc. 167; Civ. Doc. 12], the Court hereby **ORDERS** as follows:

1. The Magistrate Judge's **Report and Recommendation [Crim. Doc. 167; Civ. Doc. 12]** is **ORDERED ADOPTED**;

2. The petitioner's Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure **[Crim. Doc. 161; Civ. Doc. 10]** is **DENIED**; and,

3. The petitioner's Objections **[Crim. Doc. 171]** to the R&R are hereby **OVERRULED**.

As a final matter, it is **ORDERED** that this matter be **CLOSED** and **STRICKEN** from

8

the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 26, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE